

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**COREY DEMORRIS BISHOP,**

    Petitioner,

v.                                                              **CRIMINAL ACTION NO. 4:16-cr-041**

**UNITED STATES OF AMERICA,**

    Respondent.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Corey Demorris Bishop's ("Petitioner") Motion for Compassionate Release. ECF No. 120. For the reasons stated below, Petitioner's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On August 19, 2015, Petitioner was named in a two-count indictment for criminal conduct associated with the unlawful distribution of Schedule I narcotics. ECF No. 13. According to the Presentence Investigation Report, Petitioner obtained cocaine from a co-conspirator and sold the cocaine in the Eastern District of Virginia for "the past two and a half years," prior to his arrest on March 28, 2016. ECF No. 114 at 4-6. Petitioner would obtain "as much as six kilograms per month" throughout this conspiracy. *Id.*

On August 25, 2016, Petitioner pleaded guilty to Count 1, charging him with conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). ECF No. 42. On January 5, 2017, this Court sentenced Petitioner to a term of 120-months imprisonment. ECF Nos. 64 and 66.

On October 28, 2020, Petitioner filed a *pro se* Motion to Appoint Counsel for an Emergency Motion for Compassionate Release based upon the ongoing COVID-19 pandemic. ECF No. 112. The Court then ordered the appropriate responses on October 29, 2020. ECF No. 113. Petitioner, through counsel, filed a Motion for Compassionate Release on January 5, 2021. ECF No. 120. The Government responded in opposition on January 19, 2021. ECF No. 125. Petitioner did not file a reply. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment upon a motion from the petitioner and after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" were previously described by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1.

2

Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances. U.S.S.G. §1B1.13, n. 1 (A)–(C). Additionally, the Sentencing Commission further defined the limits under which a sentence reduction may be given under those justifications. *Id.* The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Additionally, a petitioner's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

3

## III. DISCUSSION

### A. The Exhaustion Issue

Petitioner submitted a request for compassionate release to the Warden of his correctional facility on August 26, 2020. ECF No. 123 at 13. The Warden subsequently denied Petitioner's request on September 24, 2020. *Id.* Accordingly, Petitioner has met the exhaustion requirements under § 3582(c)(1)(A).[1]

### B. Resolution of Petitioner's Request for Compassionate Release

1. *Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner's offense conduct is much more serious than the title of his offense of conviction. ECF No. 114.

According to the Presentence Investigation Report, Petitioner obtained and distributed up to six kilograms of cocaine per month for at least two and a half years. *Id.* at 4-5. From January 2016 through March 2016, members of the Hampton Roads Peninsula Drug Initiative observed Petitioner as a potential distributor of large quantities of cocaine. *Id.* Upon Petitioner's arrest, Petitioner admitted that he obtained large quantities of cocaine from his co-conspirator on a bi-monthly basis. *Id.*

To date, Petitioner has only served less approximately 48 months incarceration – less than half of his 120-month sentence. ECF No. 120 at 3. Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense…and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B). The Court recognizes that Petitioner's offense of conviction is his only felony offense and that Petitioner has a history of

---

[1] Despite having met these requirements, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020).

4

substance abuse which may have led to his involvement in the conspiracy. ECF No.114. The Court also notes that Petitioner has completed several certifications while incarcerated and maintains a low recidivism score from the BOP. ECF No. 123. However, after full consideration of the § 3553(a) factors, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

2. *Evaluation of "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for a sentence reduction has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). Specific to each petitioner, the Court examines the Centers for Disease Control's list of risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner offers his hypertension (high blood pressure), obesity, and hyperlipidemia (high cholesterol) as underlying conditions that may exacerbate a potential COVID-19 infection. ECF No. 120 at 13; ECF No. 123. As a preliminary matter, Petitioner's hyperlipidemia is not considered an ailment that places Petitioner at risk for severe illness from COVID-19.[2] On the other hand, the CDC does list obesity as a medical condition that places Petitioner at an "increased risk of severe illness from the virus that causes COVID-19."[3] Additionally, the CDC lists hypertension as a medical condition that *might* place Petitioner "at an increased risk of severe illness from the virus that causes COVID-19."[4]

---

[2] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Feb. 3, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.
[3] *Id.*
[4] *Id.*

5

Despite Petitioner's ailments, the Court is unable to conclude that Petitioner is particularly vulnerable to COVID-19 based upon Petitioner's seemingly controlled hypertension and obesity diagnosis. Upon review of Petitioner's medical records, Petitioner's hypertension appears to be controlled with medication. ECF No. 123 at 5-6. Furthermore, although Petitioner did not supply the Court with his BMI to assess any obesity diagnosis, Petitioner has been instructed by medical personnel to diet and exercise to lose weight. *Id.* This indicates to the Court that any obesity diagnosis can be controlled by Petitioner.

While the world continues to grapple with the pandemic, it is imperative to note that many persons who are incarcerated suffer from a variety of ailments that may make them susceptible to severe illness from a COVID-19 diagnosis. As the Court continues to exercise its discretion in releasing the most vulnerable inmates in light of the pandemic, the Court declines to release inmates who lack a significant showing of potential fatality from a COVID-19 diagnosis. Based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Newport News, Virginia
February 22, 2021

_____
UNITED STATES DISTRICT JUDGE